**Dated: December 30, 2024**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

JEFFREY CHARLES DENTON                       Case No. 23-80938-PRT
VICKY L. DENTON,                                 Chapter 13
                 Debtors.

JEFFREY CHARLES DENTON and
VICKY L. DENTON,
                 Plaintiffs,

v.                                                      Adversary Case No. 24-8011-PRT

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
                 Defendant.

## ORDER DENYING MOTION TO DISMISS

       The Defendant United States of America, on behalf of its agency, the Internal Revenue Service, seeks dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), made applicable to this case by Fed. R. Bankr. P. 7012(b).[1] After review of the record and applicable

---

[1] ECF No. 4.

legal authorities, the Court finds that this Court has jurisdiction over this proceeding and certain claims for damages, that the Plaintiffs have set forth a claim upon which relief may be granted, and the Plaintiffs may proceed with their claim for violation of the automatic stay and return of funds without first exhausting administrative remedies.

## Background

As alleged in the Plaintiffs' Complaint, prior to the filing of the Plaintiffs' chapter 13 bankruptcy, the Defendant Internal Revenue Service ("IRS"), assessed taxes against PDR, Inc., a wholly owned corporation of the Plaintiff/Debtor Jeffrey Denton ("Mr. Denton"). PDR, Inc. and Mr. Denton perform automotive paintless dent repair for several area automobile dealerships. Mr. Denton and his wife, Vicky Denton, filed a chapter 13 bankruptcy on December 28, 2023. They listed the IRS as a creditor and gave it notice of the bankruptcy. Upon filing their chapter 13 case, Mr. Denton began doing business as a sole proprietor under his name and issued invoices to his clients as "Jeff Denton." The postpetition invoices totaled $6,165.00.

After the bankruptcy case was filed, beginning February 1, 2024, IRS Revenue Officer Steven Schrader issued multiple Notices of Levy to various automobile dealerships who contracted with Mr. Denton and PDR, Inc. and to several banks regarding taxes owed by PDR, Inc. Officer Schrader also contacted certain automobile dealerships and told them that Mr. Denton could not work as a sole proprietor and that any funds owed to Mr. Denton must be paid to the IRS pursuant to the Notices of Levy regarding PDR, Inc. Instead of paying Mr. Denton for the work he performed and billed to them, the automobile dealerships paid the IRS.

In early February 2024, Officer Schrader sent letters to PDR, Inc. notifying it that beginning 46 days after the date of the letter, the IRS would contact neighbors, banks, employers or employees regarding taxes owed by PDR, Inc. Further, Officer Schrader issued 12 collection

letters to Mr. Denton demanding payment of $145,779.87 in civil penalties for employment taxes owed but unpaid by PDR, Inc.

The IRS filed its proof of claim on February 23, 2024, for $697,321.91 for income taxes and civil penalties, and listed Mr. Denton's social security number as the taxpayer ID number.[2] The IRS amended its proof of claim in May and in June 2024, increasing its claim to $895,065.62.[3]

Although the Chapter 13 Trustee did not file a response to this Motion, he appeared at the hearing on this Motion. He expressed his view that this Court possesses subject matter jurisdiction to determine whether the actions of the IRS violate the automatic stay, as those actions may impact the Debtors' ability to make plan payments. Allowing the IRS to collect prepetition taxes from postpetition income without regard to the bankruptcy process would create an untenable situation for a chapter 13 case.

## **Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a). A motion to dismiss is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157.

Defendant Internal Revenue Service ("IRS") seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over Plaintiffs' claims due to their failure to exhaust administrative remedies before filing this case. Once subject matter jurisdiction is challenged under Rule 12(b)(1), the party asserting jurisdiction must provide an adequate showing sufficient to establish the Court's subject matter jurisdiction.[4] The IRS also seeks dismissal pursuant to Rule

---

[2] Claims Register Claim 2-1, 2/23/2024.
[3] Claims Register Claim 2-2, 5/23/2024, and Claim 2-3, 6/11/2024.
[4] *See United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1160 (10th Cir. 1999).

12(b)(6). A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint itself to ensure that it contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face.[5]

## Analysis

### Dismissal pursuant to Fed. R. Civ. P. 12(b)(1)

The IRS argues that it is immune from suit here unless it has waived its sovereign immunity. It recognizes a limited waiver of its sovereign immunity pursuant to 26 U.S.C. § 7433, which authorizes taxpayers to sue the United States for damages when an IRS employee disregards any provision of the Internal Revenue Code,[6] but only if taxpayers first exhausted administrative remedies within the IRS, as stated in subsection (d). Because the Plaintiffs failed to exhaust administrative remedies before filing this adversary case, the IRS contends that this Court lacks subject matter jurisdiction and must dismiss this case. In response, the Plaintiffs state that they are not proceeding under § 7433(e) of the Internal Revenue Code but are asserting claims for violation of the automatic stay for which the United States has expressly waived immunity under § 106(a)(1) of the Bankruptcy Code.[7] The Plaintiffs point out that the Department of Justice's Civil Resource Manual acknowledges this waiver of sovereign immunity contained in § 106(a).[8] Therefore, the Plaintiffs argue that this Court has jurisdiction to hear this case and issue orders regarding the application of § 362.

---

[5] Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).
[6] 26 U.S.C. § 7433(a).
[7] 11 U.S.C. § 106(a)(1).
[8] In addition to the waiver of sovereign immunity regarding specific code sections set forth in § 106(a), § 106(b) includes a waiver of sovereign immunity where a governmental unit files a proof of claim and the bankruptcy estate has a claim against that unit arising out of the same transaction as the government's claim. Subsection (c) allows for an offset of claims that are property of the bankruptcy estate against the claim of the governmental unit despite any claim of sovereign immunity.

Section § 106(a) of the Bankruptcy Code abrogates sovereign immunity as to governmental units with respect to certain sections of the Bankruptcy Code, including Section 362.[9] Section 106(a)(2) states that "[t]he court may hear and determine *any* issue arising with respect to the application of such sections to governmental units" (emphasis added). Indeed, the Tenth Circuit recently observed that the language of § 106(a)(1)'s waiver of sovereign immunity as well as the language in § 106(a)(2) is broad.[10] Congress' authorization of the bankruptcy court to "hear and determine any issue" regarding the Code sections listed in § 106 (a)(1) "surely presumes subject-matter jurisdiction."[11]

Section 106(a)(3) authorizes bankruptcy courts to "issue against a governmental unit an order, process, or judgment under such sections … including an order or judgment awarding a money recovery" but may not award punitive damages. The Plaintiffs have therefore dismissed their claim for punitive damages. Should the bankruptcy court choose to award costs and fees against the government, the award must be consistent with 28 U.S.C. § 2412(d)(2)(A).[12] Section 106(a)(4) provides that any enforcement of such orders, processes or judgments must be consistent with appropriate nonbankruptcy law. Thus, § 106 plainly waives sovereign immunity regarding actions brought pursuant to § 362, and authorizes this Court to issue orders which may include monetary damages, including costs and fees.[13]

---

[9] 11 U.S.C. § 106(a)(1).
[10] *Miller v. United States*, 71 F.4th 1247, 1253-1254 (10th Cir. 2023) *cert. granted*, 144 S.Ct. 2678 (U.S. June 24, 2024) (No. 23-824).
[11] *Id.*
[12] Equal Access to Justice Act.
[13] *See Hunsaker v. United States,* 902 F.3d 963 (9th Cir. 2018).

In general, actions for violations of the automatic stay should be brought in the bankruptcy court.[14] The bankruptcy court is charged with enforcing the automatic stay. As such, it has the authority to hear and grant relief for actions for violation of the automatic stay. It need not defer to the IRS and its administrative remedies before it may exercise this authority.[15] This Court has jurisdiction to determine whether a violation of the stay occurred, whether the IRS willfully and improperly pursued collection efforts, and to order the IRS to cease collection activities and return funds to the Plaintiffs.[16]

The Court finds no language in § 7433 of the Internal Revenue Code that prevents it from adjudicating the Plaintiffs' Complaint alleging violations of the automatic stay.[17] While § 7433(e) states it is the exclusive remedy for filing a petition in the bankruptcy court against the IRS involving willful violations of the automatic stay, it is limited to petitions for damages:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court *to recover damages* against the United States.

---

[14] *See Meadows v. Comm'r*, 405 F.3d 949, 954 (11th Cir. 2005) ("We note that actions against creditors for violations of the automatic stay are to be brought in the bankruptcy court. *See* 11 U.S.C. § 362(h) ('An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.'); *see also Langlois v. United States,* 155 B.R. 818 (N.D.N.Y.1993) (sitting in bankruptcy jurisdiction and holding that the IRS's application of a collected amount to penalties that were to be discharged in bankruptcy was a violation of the automatic stay). Thus, it is clear that the bankruptcy court is more knowledgeable than the Tax Court about the scope and effect of the automatic stay and about appropriate remedies.")
[15] *See In re Thal*, 2018 WL 2182304, at *7 (Bankr. S.D. Fla. May 9, 2018) citing *In re Moore,* 2013 WL 4017936, at 4 (Bankr. M.D. Ga. 2013).
[16] *See In re Thal,* 2018 WL 2182304, at *4. Although *Thal* involved an action under § 524 for violation of the discharge injunction, it analyzes the issue of exhaustion of administrative remedies pursuant to § 7433, which cites both §524 and §362.
[17] *See In re Thal,* 2018 WL 2182304; *In re Moore,* 2013 WL 4017936 (Bankr. M.D. Ga. 2013).

(emphasis added).[18] Further, § 7433(e)(2)(A) states that a petition in the bankruptcy court brought under (e)(1) for a willful violation shall be "the exclusive remedy *for recovering damages* from such actions." (emphasis added). A judgment for "damages," defined in § 7433(b) to include actual, direct economic damages and costs against the IRS, requires exhaustion of administrative remedies.[19] However, this may not apply to actions seeking damages under § 362, because there is a carveout for actions brought pursuant to § 362(k).

Subsection (e)(2)(B), titled "Certain other actions permitted," states that subsection (e)(2)(A) "shall not apply" to an action for violation of the automatic stay brought under § 362(k)[20] of the Bankruptcy Code. Section 362(k) provides that individuals injured by a willful violation of the stay shall recover actual damages, including costs and attorneys' fees. This carveout for § 362(k) actions suggests to this Court that petitions for damages for willful violations of the stay do not have to be brought pursuant to § 7433. But, if an action is brought under § 362(k), administrative and litigation costs may only be awarded under § 7430 of the Internal Revenue Code.[21] Section 7430 provides that a prevailing party in an administrative or court proceeding against the United States regarding the determination, collection or refund of taxes, interest or penalties, may be awarded a judgment for reasonable costs and attorney fees, but only after the prevailing party has "exhausted the administrative remedies available to such party within the Internal Revenue Service."[22] Thus, should the Plaintiffs prevail herein and seek recovery of

---

[18] 26 U.S.C. § 7433(e)(1).
[19] 26 U.S.C. § 7433(d)(1).
[20] 26 U.S.C. § 7433(e)(2)(B). The reference in § 7433(e)(2)(B) is actually to § 362(h) of the Bankruptcy Code but is incorrect. "In 2005, 11 U.S.C. § 362(h) was renumbered to 11 U.S.C. § 362(k). The statute section reference was not updated in 26 U.S.C. § 7433(e)(2)(B) but there is no question that the reference in subsection 7433(e) is to what is now numbered 11 U.S.C. § 362(k)." *In re Thal*, 2018 WL 2182304, at *7, n. 9 (Bankr. S.D. Fla. May 9, 2018).
[21] 26 U.S.C. § 7433(e)(2)(B)(i).
[22] 26 U.S.C. § 7430(b)(1).

administrative and litigation costs, it appears that they must exhaust administrative remedies pursuant to § 7430 before this Court could enter a judgment for such costs.

This Court finds that it has authority to consider the Plaintiffs' allegations herein and determine whether the IRS violated the automatic stay and to determine whether to direct the IRS to return funds and cease collection activity.[23] It may not have authority to award damages in the form of attorney fees and costs unless an award is consistent with 28 U.S.C. § 2412(d)(2)(A) or until the Plaintiffs have exhausted administrative proceedings.

**Dismissal pursuant to Fed. R. Civ. P. 12(b)(6)**

The IRS argues that the Plaintiffs cannot state a claim upon which relief can be granted because it did not collect or attempt to collect taxes owed by them, but only taxes owed by PDR, Inc., which is not a debtor. It notes that the Notices of Levy issued to the automobile dealerships and banks identified the taxpayer as PDR, Inc. Any taxes collected were for taxes owed by non-debtor PDR, Inc., not the Plaintiffs. As a nondebtor, PDR, Inc. is not protected by the automatic stay, therefore the IRS could not have violated the automatic stay. However, the IRS also states that Mr. Denton was properly assessed a penalty, which is collected as a tax, for the unpaid taxes owed by PDR, Inc. Indeed, it has filed a proof of claim in the Plaintiffs' bankruptcy case for taxes owed personally by them in relation to PDR, Inc. It argues that any issuance of a notice and demand for payment from the Plaintiffs personally for these penalties is specifically allowed under § 362(b)(9), therefore the Plaintiffs have no cause of action for notices and demands for payment issued to Mr. Denton.

In analyzing a 12(b)(6) motion, a court should assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the

---

[23] *See Thal*, 2018 WL 2182304, at *4.

plaintiff.[24] The court should not dismiss even if it appears unlikely the allegations can be proven.[25] In urging dismissal, the IRS offers an explanation and interpretation of the facts in the Complaint, essentially arguing its defense of the allegations and the merits of the case, and urging this Court to view the allegations in a light most favorable to it rather than to the Plaintiffs.

The Plaintiffs' Complaint is very detailed and includes exhibits in support of its allegations. The Complaint alleges that the IRS collected prepetition taxes from monies owed to Mr. Denton after this case was filed by contacting clients of Mr. Denton and PDR, Inc. The Complaint alleges that collection letters demanding payment for prepetition taxes from Mr. Denton were sent after the case was filed. The Complaint also alleges that the IRS Revenue Officer and the IRS were aware that the Plaintiffs had filed bankruptcy when collection efforts were undertaken, which may be construed as a willful violation of the stay.[26] When these allegations are taken as true, the Plaintiffs have stated a cause of action for violation of the automatic stay that is plausible on its face. It may be true that the IRS' actions did not actually violate the stay or that the automatic stay did not preclude it from taking certain actions postpetition. But the Court is not tasked with making findings of fact and conclusions of law at this stage of the litigation. It is only reviewing the Complaint to determine whether it contains sufficient factual information, specific rather than general in scope, to state a claim for relief that is plausible on its face.[27] The Court therefore concludes that the Complaint contains sufficient factual information to support the Plaintiffs' claim that the IRS took knowing and willful actions in violation of the automatic stay for which relief could be granted.

---

[24] *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009).
[25] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombley,* 544 U.S. 544, 556 (2007).
[26] *See In re Parker,* 279 B.R. 596 (Bankr. S.D. Ala. 2002).
[27] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**Order of the Court**

For the reasons stated herein,

IT IS HEREBY ORDERED that Defendant United States of America's Motion to Dismiss (ECF No. 4) is **denied.** The Defendant shall file its Answer in accordance with the Federal Rules of Bankruptcy Procedure.

# # #